**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10576 (TMH) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of CHRISTMAS TREE SHOPS, LLC, *et al.*,<br><br>Plaintiff,<br><br>- against -<br><br>MARC SALKOVITZ,<br><br>Defendant. | Adversary Proc. No. 25-50894 (TMH) |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff George L. Miller, in his capacity as Chapter 7 Trustee (the "Plaintiff") of the estates of Christmas Tree Shops, LLC and its affiliated debtors (collectively, the "Debtors"), hereby moves the Court (this "Motion"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this adversary proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 7055-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of a judgment by default against defendant Marc Salkovitz ("Defendant") in the amount of $4,007,263.00, plus prejudgment interest. In

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number, are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

support of this Motion, the Plaintiff relies upon the Declaration of Jeffrey P. Nolan (the "Nolan Decl."), attached hereto as Exhibit A; the *Declaration of Marc Salkovitz, Executive Chairman, in Support of First Day Relief* [Case No. 23-10576 (TMH), Docket No. 12] (the "Salkovitz Decl."), attached hereto as Exhibit B; and the Declaration of Matt Tomlin in Support of the Plaintiff's Motion for Entry of Default Judgment (the "Tomlin Decl."), attached hereto as Exhibit C, and respectfully states as follows:

## PRELIMINARY STATEMENT

1. By this Motion, the Plaintiff seeks a default judgment avoiding and recovering $4,006,913.00 in transfers that the Debtors made to the Defendant—the Debtors' Executive Chairman and, together with his wife, the owner of substantially all of their membership interests—between December 31, 2022 and April 10, 2023, in the months immediately preceding the Petition Date and at a time when the Debtors were deeply insolvent. The Defendant was served with the Summons and Complaint in May 2025, obtained a series of stipulated extensions of his deadline to respond, and then allowed the final deadline to pass without answering, moving, or otherwise responding to the Complaint. The Clerk of Court has entered his default. Because the well-pleaded allegations of the Complaint, which are deemed admitted by virtue of the Defendant's default, establish each element of the Plaintiff's claims under sections 544, 548, and 550 of the Bankruptcy Code and applicable Massachusetts law; because the amount of the judgment is a sum certain established by the Debtors' books and records; and because each of the factors that courts in the Third Circuit consider in deciding whether to enter a default judgment weighs in favor of the Plaintiff, the Motion should be granted.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H), and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Rule 9013-1(f), the Plaintiff consents to the entry of a final order or judgment by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. The statutory and procedural predicates for the relief requested herein are Rule 55 of the Federal Rules, Bankruptcy Rule 7055, and Local Rule 7055-1.

## BACKGROUND

### A. The Adversary Proceeding and the Defendant's Default

3. On May 5, 2025, the Plaintiff commenced this adversary proceeding by filing the Adversary *Complaint for Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544, 548 & 550* [Adv. Docket No. 1] (the "Complaint").[2] The Complaint seeks to avoid and recover transfers in the aggregate amount of $4,006,913.00 that the Debtors made to the Defendant (collectively, the "Transfers"). Complaint ¶ 17.

4. On May 15, 2025, the Plaintiff served the summons issued by the Clerk of Court [Adv. Docket No. 3] (the "Summons"), together with the Complaint, on the Defendant by

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

United States first-class mail, in accordance with Bankruptcy Rule 7004. Nolan Decl. ¶ 3; Certificate of Service [Adv. Docket No. 3].

5. Pursuant to Bankruptcy Rule 7012(a) and the Summons, the Defendant was required to serve an answer or other response to the Complaint within thirty (30) days after the issuance of the Summons. Following service, counsel for the Plaintiff and counsel for the Defendant met and conferred regarding the Complaint.

6. Between November 10, 2025 and February 2026, the Plaintiff and the Defendant entered into a series of stipulations extending the Defendant's deadline to respond to the Complaint [Adv. Docket Nos. 6–10] (collectively, the "Stipulations"), the last of which extended that deadline to February 9, 2026.

7. The Defendant did not answer, move, or otherwise respond to the Complaint by the extended deadline. Thereafter, counsel for the Plaintiff advised counsel for the Defendant that the Plaintiff would seek entry of default unless the Defendant filed an answer or other response no later than April 30, 2026. Nolan Decl. ¶ 4. The Defendant did not do so. To date, the Defendant has not answered, moved, or otherwise responded to the Complaint, and the time for doing so has expired. *Id.* ¶ 4.

8. Because entry of a default judgment is a two-step process that requires, first, entry of default by the Clerk of Court under Rule 55(a) and, second, entry of judgment under Rule 55(b), the Plaintiff filed a request for entry of default against the Defendant [Adv. Docket No. 11] (the "Request for Entry of Default"). *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006). On May 5, 2026, the

Clerk of Court entered the Defendant's default [Adv. Docket No. 12] (the "Default"). The Plaintiff now seeks entry of a default judgment pursuant to Rule 55(b)(2).

**B. The Debtors, the Defendant, and the Transfers**

9. In 2022, the Debtors' sales declined significantly from 2021 levels, and the Debtors were forced to sell off assets. Salkovitz Decl. ¶¶ 20–22. For the year ending 2022, the Debtors' EBITDA was negative $45 million. *Id*. On May 5, 2023 (the "Petition Date"), the Debtors commenced the above-captioned cases under chapter 11 of the Bankruptcy Code. The cases were converted to cases under chapter 7 on August 16, 2023 [Docket No. 545], and the Plaintiff was thereafter appointed as chapter 7 trustee [Docket No. 546]. The Debtors' schedules of assets and liabilities reflected assets of approximately $22 million against liabilities of approximately $171 million. Complaint ¶ 24.

10. As alleged in the Complaint and confirmed by the Defendant's own sworn declaration, the Defendant was an officer and the Executive Chairman of the Debtors. Salkovitz Decl. ¶ 1; Complaint ¶ 13. Between December 31, 2022 and April 10, 2023—a period of acute financial distress for the Debtors and on the eve of the Petition Date—the Debtors made disbursements to the Defendant in the aggregate amount of $4,006,913.00. Complaint ¶ 17. The Debtors' books and records reflect the Transfers as "distributions" paid to the Defendant. Tomlin Decl. ¶ 4.

11. The Defendant and his wife owned substantially all of the membership interests in the Debtors. Salkovitz Decl. ¶ 1. The Transfers were thus payments by the Debtors to an insider, characterized in the Debtors' own books and records as distributions, at a time

when the Debtors were insolvent, and the Debtors received less than reasonably equivalent value—indeed, no value—in exchange for the Transfers. Complaint ¶¶ 28–32.

## RELIEF REQUESTED

12. By this Motion, the Plaintiff requests entry of a default judgment against the Defendant, substantially in the form attached hereto as Exhibit D (the "Proposed Judgment"), granting the relief requested in the Complaint, including:

A. avoiding the Transfers as constructively fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B);

B. avoiding the Transfers as fraudulent transfers pursuant to 11 U.S.C. § 544(b) and the Massachusetts Uniform Fraudulent Transfer Act, Mass. Gen. Laws ch. 109A;

C. authorizing the Plaintiff to recover the Transfers, or the value thereof, from the Defendant as the initial transferee pursuant to 11 U.S.C. § 550(a)(1); and

D. awarding the Plaintiff prejudgment interest as permitted by law, costs of suit, and such other and further relief as is just and proper. *See* Complaint ¶ 60(A)–(D).

In sum, the Plaintiff seeks a judgment in the amount of $4,006,913.00, representing the aggregate amount of the Transfers, plus $350.00 in costs, representing the filing fee for this adversary proceeding, for a total of $4,007,263.00, together with prejudgment interest.

## BASIS FOR RELIEF

### A. The Legal Standard for Entry of a Default Judgment

13. Rule 55 of the Federal Rules, made applicable to this adversary proceeding by Bankruptcy Rule 7055, governs the entry of default and default judgment. Under Rule 55(a), when a party against whom a judgment for affirmative relief is sought has failed to

plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). Once default has been entered, and where the claim is not for a sum certain that the clerk may enter under Rule 55(b)(1), the party seeking relief must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2). The court may conduct hearings when, to enter or effectuate judgment, it needs to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter, but no hearing is required where the record before the court is sufficient to fix the amount of the judgment. *Id.*

14. The decision whether to enter a default judgment is committed to the discretion of the court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984); *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Although the Third Circuit has expressed a general preference that cases be decided on their merits, *Hritz*, 732 F.2d at 1181, that preference does not permit a defendant to forestall judgment indefinitely by simply declining to participate. In exercising its discretion, the court considers three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

15. Upon entry of default, the well-pleaded factual allegations of the complaint, other than those relating to the amount of damages, are deemed admitted and taken as true. *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005). The court must nonetheless satisfy itself that the unchallenged facts set forth in the Complaint constitute a legitimate cause of action, because a defaulting party is not deemed to have admitted conclusions of law. *See*

*Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535–36 (D.N.J. 2008); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688.1 (4th ed. 2016). Where the amount of damages is liquidated or capable of mathematical calculation from the record, the court may enter judgment for that amount without an evidentiary hearing. *See* Fed. R. Civ. P. 55(b)(2).

**B. <u>The Procedural Prerequisites to Entry of a Default Judgment Are Satisfied</u>**

16. Each procedural prerequisite to the entry of a default judgment is satisfied here. *First*, the Defendant was properly served with the Summons and Complaint by first-class mail at his dwelling house or usual place of abode, as Bankruptcy Rule 7004(b)(1) permits. *Second*, the Defendant's time to respond to the Complaint—as extended by the Stipulations and by the Plaintiff's further accommodation through April 30, 2026—has expired, and the Defendant has not answered, moved, or otherwise responded. Nolan Decl. ¶ 4. *Third*, the Clerk of Court has entered the Defendant's default pursuant to Rule 55(a). *See* Adv. Docket No. 12. *Fourth*, the Defendant is an individual who, upon information and belief, is neither a minor nor an incompetent person and is not in military service, such that neither Rule 55(b)(2) nor the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, bars entry of judgment against him. Nolan Decl. ¶ 5. *Fifth*, although the Defendant has not filed an answer or a formal notice of appearance, he has participated in this adversary proceeding through counsel by entering into the Stipulations. Out of an abundance of caution, the Plaintiff has therefore served this Motion on the Defendant and his counsel more than seven (7) days before any hearing on the Motion, as Rule 55(b)(2) requires with respect to a party that has appeared. *See* Fed. R. Civ. P. 55(b)(2).

**C. <u>Each of the Chamberlain Factors Weighs in Favor of Entering a Default Judgment</u>**

17. *Prejudice to the Plaintiff.* The Plaintiff will be prejudiced if a default judgment is denied. The Defendant's refusal to respond to the Complaint has left the Plaintiff with no means other than a default judgment to vindicate the estates' claims and recover the Transfers for the benefit of the Debtors' creditors. Courts routinely find prejudice where, as here, a defendant's failure to respond prevents the plaintiff from prosecuting its case and obtaining relief. *See, e.g.*, *E. Elec. Corp. of N.J. v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 554 (E.D. Pa. 2009). Moreover, the Plaintiff, as chapter 7 trustee, has a statutory duty to collect and reduce to money the property of the estates as expeditiously as is compatible with the best interests of parties in interest, 11 U.S.C. § 704(a)(1), and further delay would only postpone distributions to the Debtors' creditors.

18. *Absence of a Litigable Defense.* The Defendant has not asserted any defense—litigable or otherwise—to the Complaint. A defense is "litigable" or "meritorious" only when the allegations of the defendant's answer, if established at trial, would constitute a complete defense to the action. *$55,518.05 in U.S. Currency*, 728 F.2d at 195. Because the Defendant has filed no answer, the Court has no basis on which to find that a litigable defense exists, and this factor weighs in favor of default judgment. Nor is any defense apparent from the record: the Defendant's own sworn declaration confirms his status as Executive Chairman and controlling equity holder of the Debtors and the Debtors' severe financial distress during the period of the Transfers, Salkovitz Decl. ¶¶ 1, 20–22, and the Debtors' books and records confirm that the Transfers were equity "distributions" for which the Debtors received nothing in return. Tomlin Decl. ¶ 4.

19. *Culpable Conduct.* The Defendant's default is the product of his own culpable conduct. Culpable conduct in this context means conduct taken willfully or in bad faith, as distinguished from mere negligence. *See Hritz*, 732 F.2d at 1182–83. The Defendant cannot plausibly claim ignorance of this proceeding: he was served with the Summons and Complaint; he, through counsel, negotiated and entered into a series of Stipulations extending his response deadline; and he was expressly warned that the Plaintiff would seek entry of default if no response was filed by April 30, 2026. Nolan Decl. ¶ 4. A defendant who, with full knowledge of a pending action and after securing multiple extensions, simply elects not to respond has acted willfully, and his default is culpable. *See Hritz*, 732 F.2d at 1182–83; *E. Elec. Corp.*, 652 F. Supp. 2d at 605.

**D. <u>The Well-Pleaded Allegations of the Complaint Establish the Plaintiff's Entitlement to Relief</u>**

20. Taking the well-pleaded allegations of the Complaint as true, as the Court must, the Plaintiff has established each element of his claims.

21. *Section 548(a)(1)(B).* To avoid a transfer as constructively fraudulent under section 548(a)(1)(B) of the Bankruptcy Code, a trustee must show that (i) the debtor had an interest in the property transferred; (ii) the transfer was made within two years before the petition date; (iii) the debtor received less than a reasonably equivalent value in exchange for the transfer; and (iv) the debtor was insolvent on the date of the transfer or became insolvent as a result of it, or satisfied one of the alternative financial-condition tests set forth in the statute. 11 U.S.C. § 548(a)(1)(B). Each element is pleaded in the Complaint and is therefore admitted. The Transfers were made from the Debtors' funds, Complaint ¶ 17; they were made between

December 31, 2022 and April 10, 2023, well within two years before the May 5, 2023 Petition Date, *id.*; the Debtors received less than reasonably equivalent value—indeed, no value—because the Transfers were distributions on account of the Defendant's equity interests, *id.* ¶¶ 28–32; and the Debtors were insolvent at the time of the Transfers, as reflected by negative EBITDA of $45 million for 2022 and schedules showing liabilities exceeding assets by approximately $149 million as of the Petition Date, *id.* ¶ 24; Salkovitz Decl. ¶¶ 20–22; *see* 11 U.S.C. § 101(32)(A) (defining insolvency by reference to whether the sum of the entity's debts is greater than all of its property, at a fair valuation).

22. In assessing reasonably equivalent value, courts in the Third Circuit first ask whether the debtor received any value at all and, if so, whether that value was reasonably equivalent to what the debtor gave up, considering the totality of the circumstances. *See Mellon Bank, N.A. v. Metro Commc'ns, Inc.*, 945 F.2d 635, 646–47 (3d Cir. 1991); *In re Fruehauf Trailer Corp.*, 444 F.3d 203, 212–13 (3d Cir. 2006). A distribution to an equity holder on account of his ownership interest confers no value on the debtor: the debtor parts with cash and receives nothing in exchange. The Transfers—recorded in the Debtors' own books and records as "distributions" to their controlling equity holder—therefore fail the reasonably-equivalent-value test.

23. *Section 544(b) and Massachusetts Law.* Section 544(b)(1) of the Bankruptcy Code permits the trustee to avoid any transfer of an interest of the debtor in property that is voidable under applicable law by a creditor holding an allowable unsecured claim. 11 U.S.C. § 544(b)(1). The Complaint alleges the Debtors stopped paying vendors, continued to incur debts and unsecured creditors holding valid claims. Complaint ¶ 23-25. The applicable law

here is the Massachusetts Uniform Fraudulent Transfer Act, Mass. Gen. Laws ch. 109A, §§ 5(a)(2) and 6(a), which, like section 548(a)(1)(B), renders a transfer voidable where the debtor did not receive reasonably equivalent value and was insolvent at the time of (or rendered insolvent by) the transfer. The analysis of reasonably equivalent value under the Massachusetts statute mirrors the analysis under section 548. *Tomsic v. Pitocchelli (In re Tri-Star Techs. Co.)*, 260 B.R. 319, 325-26 (Bankr. D. Mass. 2001). For the same reasons set forth above, the Transfers are avoidable under section 544(b) and Massachusetts law. Moreover, the Massachusetts statute reaches transfers made within four years before the action is brought, Mass. Gen. Laws ch. 109A, § 10, so each of the Transfers falls within the applicable reach-back period.

24. *Section 550(a)(1).* Once a transfer is avoided, section 550(a)(1) of the Bankruptcy Code permits the trustee to recover, for the benefit of the estate, the property transferred or its value from the initial transferee. 11 U.S.C. § 550(a)(1). The Defendant received the Transfers directly from the Debtors and is therefore the initial transferee. Complaint ¶ 56. The Plaintiff is accordingly entitled to recover the full amount of the Transfers, $4,006,913.00, from the Defendant.

**E. <u>The Judgment Amount Is a Sum Certain, and No Evidentiary Hearing Is Required</u>**

25. The amount of the judgment the Plaintiff seeks is a sum certain, established by the Debtors' books and records and set forth in the Tomlin Decl., which identifies each of the Transfers by date and amount. Tomlin Decl. ¶ 4. Because the damages are liquidated and readily determinable from the record, no evidentiary hearing is necessary. *See* Fed. R. Civ. P. 55(b)(2); *cf. Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

26. The Plaintiff also requests an award of (i) his costs of suit in the amount of $350.00, representing the filing fee for this adversary proceeding, which are recoverable by a prevailing party under Bankruptcy Rule 7054(b)(1), and (ii) prejudgment interest. An award of prejudgment interest in an avoidance action is committed to the Court's discretion and serves to compensate the estate for the loss of use of the funds wrongfully transferred. *See In re Hechinger Inv. Co. of Del., Inc.*, 489 F.3d 568, 579–80 (3d Cir. 2007). The Plaintiff respectfully requests that prejudgment interest be awarded at the federal judgment rate set forth in 28 U.S.C. § 1961, accruing from May 5, 2025, the date on which the Complaint was filed, through the date of entry of judgment.

**NOTICE**

27. The Plaintiff has provided notice of this Motion to: (i) the Defendant, by first-class mail at the address at which he was served with the Summons and Complaint; (ii) counsel for the Defendant; and (iii) the Office of the United States Trustee for the District of Delaware. In light of the nature of the relief requested, the Plaintiff respectfully submits that no other or further notice is required.

28. The Plaintiff hereby seeks to avoid and recover the transfers in the amount of $4,006,913, and $350.00 in filing costs for the total sum of $4,007,263.

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that the Court (i) enter a default judgment in favor of the Plaintiff and against the Defendant, substantially in the form of the Proposed Judgment attached hereto as Exhibit D, in the amount of $4,007,263.00, together with prejudgment interest as set forth herein; and (ii) grant such other and further relief as the Court deems just and proper.

Dated: October 13, 2026

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Peter J. Keane (DE Bar No. 5503)
Jeffrey P. Nolan *(Pro Hac Vice)*
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: pkeane@pszjlaw.com
jnolan@pszjlaw.com

*Attorneys for Plaintiff, George L. Miller, Chapter 7 Trustee*