**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS LLC, *et al.*,[1]<br><br>Debtor. | Chapter 7<br><br>Case No. 23-10576 (TMH) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of CHRISTMAS TREE SHOPS, LLC, *et al.*,<br><br>Plaintiff,<br><br>- against -<br><br>MARC SALKOVITZ,<br><br>Defendant. | Adv. Pro. No. 25-50894 (TMH)<br><br>**Re: Adv. Docket No. 14** |

**CERTIFICATE OF NO OBJECTION REGARDING PLAINTIFF'S**
**MOTION FOR DEFAULT JUDGMENT**

The undersigned counsel for George L. Miller, chapter 7 trustee (the "Plaintiff" or the "Trustee") to the estates of the above-captioned debtors (the "Debtors") and plaintiff in the above-captioned adversary proceeding, hereby certifies that:

1. On October 13, 2026, the Plaintiff filed *Plaintiff's Motion for Default Judgment* [Adv. Docket No. 14] (the "Motion") against defendant Marc Salkovitz (the "Defendant") seeking entry of a judgment by default pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure. The Motion was served on the Defendant and his counsel of record.

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number, are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

2. Objections or other responses to the Motion were due no later than October 27, 2026 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").

3. The undersigned has caused the Court's docket in this adversary proceeding to be reviewed, and no answer, objection, or other responsive pleading to the Motion appears thereon. Additionally, no answer, objection, or other response to the Motion has been received by the undersigned counsel from the Defendant or his counsel.

4. Attached hereto as **Exhibit A** is a proposed form of Judgment by Default granting the Motion (the "Proposed Judgment"), which is substantially in the form attached to the Motion as Exhibit D, except that paragraph 7 of the Proposed Judgment has been completed to state the amount of prejudgment interest requested in the Motion, calculated as described in paragraph 5 below.

5. The Motion requests prejudgment interest at the rate provided in 28 U.S.C. § 1961 from May 5, 2025 (the date the Complaint was filed) through the date of entry of judgment, but does not state a dollar amount. For purposes of the Proposed Judgment, the Plaintiff has calculated prejudgment interest as follows:

(a) Principal. Interest is calculated on $4,006,913.00, the aggregate amount of the Transfers (as defined in the Motion). No prejudgment interest is requested on the $350.00 in costs of suit.

(b) Rate. Interest is calculated at a fixed rate of 3.92% per annum. This is the rate prescribed by 28 U.S.C. § 1961(a): the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date interest began to accrue. Interest began to accrue on May 5, 2025, so the applicable week is the week ending May

2, 2025.[2] *See Drivetrain, LLC v. DDE Partners, LLC*, Adv. Proc. No. 22-50439, D.I. 43 (Bankr. D. Del. Feb. 22, 2024) (awarding prejudgment interest at the section 1961 rate in effect when demand was made); *In re AE Liquidation, Inc.*, No. 08-13031-MFW, 2016 WL 1238848, at *3 (Bankr. D. Del. Mar. 29, 2016) ("[m]ost federal courts apply the post-judgment interest rate set forth in section 1961 of title 28 when awarding prejudgment interest.")

(c) Accrual period. Interest accrues from May 5, 2025, the date the Complaint was filed, up to, but not including, October 29, 2026, a period of 542 days.

(d) Method. Interest is simple (not compounded) and is computed on a 365-day year: \$4,006,913.00 × 3.92% × 542 ÷ 365 = \$233,239.66 (rounded to the nearest cent). The daily accrual is \$4,006,913.00 × 3.92% ÷ 365, or approximately \$430.33 per day.

(e) Result. Prejudgment interest through October 29, 2026 is \$233,239.66, and the total Judgment (principal of \$4,006,913.00, costs of \$350.00, and prejudgment interest) is \$4,240,502.66 as of that date. If the Proposed Judgment is entered after October 29, 2026, it provides for additional prejudgment interest of \$430.33 per day through the date of entry. Post-judgment interest accrues from entry at the rate provided in 28 U.S.C. § 1961.

6. For the Court's convenience, attached hereto as **Exhibit B** is a redline reflecting changes to the Proposed Judgment from the version filed with the Motion.

Accordingly, the Plaintiff respectfully requests that the Proposed Judgment attached hereto as **Exhibit A** be entered at the Court's earliest convenience.

---

2 The Federal Reserve publishes this rate in its H.15 Statistical Release, available at www.federalreserve.gov/releases/h15.

Dated: October 30, 2026

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Peter J. Keane (DE Bar No. 5503)
Jeffrey P. Nolan *(Pro Hac Vice)*
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: pkeane@pszjlaw.com
jnolan@pszjlaw.com

*Attorneys for Plaintiff, George L. Miller, Chapter 7 Trustee*