**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS LLC, *et al.*,[1]<br><br>Debtor. | Chapter 7<br><br>Case No. 23-10576 (TMH) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of CHRISTMAS TREE SHOPS, LLC, *et al.*,<br><br>Plaintiff,<br><br>- against -<br><br>MARC SALKOVITZ,<br><br>Defendant. | Adversary Proc. No. 25-50894 (TMH) |

**JUDGMENT BY DEFAULT**

Upon the *Plaintiff's Motion for Default Judgment* (the "Motion") filed by George L. Miller, in his capacity as Chapter 7 Trustee of Christmas Tree Shops, LLC and its affiliated debtors (the "Plaintiff"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure, for the entry of a judgment by default against defendant Marc Salkovitz ("Defendant") with respect to the *Adversary Complaint for Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544, 548 & 550* [Adv. Docket No. 1] (the "Complaint")[2]; and the Clerk of Court having entered

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number, are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

[2] Capitalized terms used but not defined herein shall have the meanings assigned to such terms in the Complaint.

the Defendant's default [Adv. Docket No. 12]; and adequate notice of the Motion having been given and it appearing that no other or further notice is required; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Defendant having failed to answer, move, or otherwise respond to the Complaint within the applicable deadline, as extended; and the Court having determined that the well-pleaded allegations of the Complaint, deemed admitted by virtue of the Defendant's default, establish the Plaintiff's entitlement to the relief requested; and the entry of a judgment by default being proper against the Defendant; and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7055, judgment by default (the "Judgment") is hereby entered against the Defendant with respect to all claims for relief asserted in the Complaint.

3. Judgment is awarded on the first claim for relief pursuant to 11 U.S.C. § 548(a)(1)(B): (a) avoiding the Transfers; and (b) directing that the Transfers be set aside.

4. Judgment is awarded on the second claim for relief pursuant to 11 U.S.C. § 544(b) and Mass. Gen. Laws ch. 109A: (a) avoiding the Transfers; and (b) directing that the Transfers be set aside.

5. Judgment is awarded on the third claim for relief pursuant to 11 U.S.C. § 544 and the Delaware Uniform Fraudulent Transfer Act: (a) avoiding the Transfers; and (b) directing that the Transfers be set aside.

6. Judgment is awarded on the fourth claim for relief pursuant to 11 U.S.C. § 550(a)(1), the Defendant being the initial transferee of the Transfers, and the Plaintiff is entitled to recover for the Debtors' estates the amount of $4,006,913.00.

7. Judgment is hereby entered in favor of the Plaintiff and against Defendant Marc Salkovitz in the amount of $4,006,913.00, plus costs of suit in the amount of $350.00, for a total of $4,007,263.00, together with prejudgment interest, calculated as simple interest at the fixed rate of 3.92% per annum from May 5, 2025 up to, but not including, October 29, 2026, in the amount of $233,239.66, for a total Judgment of $4,240,502.66 as of October 29, 2026, plus additional prejudgment interest at the rate of $430.33 per day for each day from and including October 29, 2026 up to, but not including, the date of entry of this Judgment. Post-judgment interest shall accrue on the full amount of this Judgment at the rate provided in 28 U.S.C. § 1961 from the date of entry until paid in full.

8. The Plaintiff is authorized and empowered to take any and all actions necessary or appropriate to consummate, carry out, effectuate, or otherwise enforce the terms, conditions, and provisions of this Judgment.

9. The Clerk of Court is authorized and directed to take any action that is necessary and appropriate to give effect to this Judgment.

10. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation, implementation, or enforcement of this Judgment.

Thomas M. Horan

**Dated: November 2nd, 2026**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**